UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

SRS Distribution Inc.

       v.                             Case No. 1:24-cv-50-PB-AJ

Southers Construction
Incorporated, et al.

**REPORT AND RECOMMENDATION**

Plaintiff SRS Distribution Inc. ("SRS") filed suit against Southers Construction Incorporated ("Southers Construction") and Ricky Southers ("Southers"), individually, to recover money owed under the terms of a promissory note and personal guaranty.[1] Neither Southers Construction nor Southers responded to SRS's complaint, and on May 16, 2024, the Clerk of Court entered default against them. (Doc. No. 10). Before the court for recommendation as to disposition is SRS's motion for default judgment (Doc. No. 16) pursuant to Federal Rule of Civil Procedure 55(b)(2).[2] For reasons explained below, the court

---

[1] This court has diversity jurisdiction under 28 U.S.C. § 1332(a).

[2] At the September 9, 2024 damages hearing, SRS clarified that it seeks default judgment under Rule 55(b)(2). See, e.g., Trustees of Sheet Metal Workers Local Union No. 17 Ins. Fund v. Phils HVAC, Inc., No. 21-cv-10680-ADB, 2021 WL 4594925, at *2 (D. Mass. Oct. 6, 2021) (noting plaintiffs must utilize Rule 55(b)(2) because the reasonableness of their request for attorneys' fees requires judicial review).

recommends that SRS's motion be granted and that damages be awarded in the amount of $266,773.07.

## STANDARD OF REVIEW

A defaulted party "is deemed 'to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.'" Universitas Educ., LLC v. Granderson, 98 F.4th 357, 377 (1st Cir. 2024) (quoting Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999)). "Notwithstanding that concession, the district court 'may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action.'" Id. (quoting Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002)). Further, the court may hold a hearing "to establish the truth of any averment in the complaint," or a hearing may be required "to set damages when the amount is in dispute or is not ascertainable from the pleadings." In re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002) (citing Fed. R. Civ. P. 55(b)(2)).

## BACKGROUND

By virtue of their default, Southers Construction and Southers concede the following facts alleged in SRS's verified complaint (Doc. No. 1). On March 9, 2023, SRS, Southers Construction, and Southers executed a promissory note (the

2

"Note"). Under the terms of the Note, Southers Construction and Southers, in his individual capacity, agreed to pay SRS the principal amount of $407,905.14 in weekly installments of $5,000.00 until October 31, 2023, when the balance was due in full.[3]  See Note, Ex. A to Verified Compl., (Doc. No. 1-1) at 1-4.  In addition to the Note, Southers executed a personal guaranty (the "Guaranty").  Under the terms of the Guaranty, Southers agreed to "personally and individually . . . unconditionally guarantee to [SRS] the full and prompt payment of all obligations which [Southers Construction] presently or hereafter may have to [SRS]."  See Guaranty, Ex. B to Verified Compl., (Doc. No. 1-1) at 5-6.

Defendants' last payment under the Note occurred on October 24, 2023, and as of that date, the balance totaled $258,848.65. On November 20, 2023, SRS sent a demand to Southers, requesting that the outstanding balance be paid immediately.  Neither Southers Construction nor Southers made any further payments to SRS.

On February 22, 2024, SRS initiated this action against Southers Construction and Southers.  See Verified Compl. (Doc.

---

[3] The terms of the Note state that interest shall accrue on the unpaid balance at the rate of 12% per year, but SRS has not included that interest in its request for damages.

No. 1).[4]  SRS attached a copy of the Note, the Guaranty, and a ledger to its verified complaint.  Id.  The ledger identified payments received by SRS and the outstanding balance in the amount of $258,848.65.  See Ledger, Ex. E to Verified Compl., (Doc. No. 1-1) at 12.  Southers Construction and Southers were served with a copy of the summons and complaint on March 21, 2024, and SRS filed a return of service (Doc. No. 7) on March 29, 2024.  When neither Southers Construction nor Southers filed a response within the time allowed, the Clerk of Court entered default against them.  Entry of Default (Doc. No. 10).  SRS now moves for default judgment as to Southers Construction and Southers (Doc. No. 16).

On September 9, 2024, the court held a hearing on damages.  Counsel for SRS appeared, and Tonya Morgan, a credit manager for SRS, appeared by telephone.  Defendants did not appear.  During the hearing, Morgan testified that she oversaw the Southers Construction and Southers account and that she created the ledger for the Note as a business record for SRS.  Morgan

---

[4] Provident Bank was also named as a trustee defendant.  On May 17, 2024, Provident Bank filed a trustee disclosure form (Doc. No. 13), representing under oath that it holds no assets of the primary defendants.  No other party objected to the notice.  Accordingly, on July 11, 2024, the court issued an order (Doc. No. 15), dismissing Provident Bank as a nominal defendant pursuant to N.H. Rev. Stat. § 512:18-a.

4

further testified that, as part of her job, she manually updated the ledger using Microsoft Excel and processed defendants' payments on the date of receipt. She logged 28 payments by defendants, and when they stopped making payments, she calculated the outstanding balance of $258,848.65.

## DISCUSSION

SRS brings claims of breach of contract against Southers Construction (Count I) and Southers, individually (Count II). In its motion for default judgment, SRS seeks the entry of judgment on both claims and damages in the amount of $266,773.48, reflecting the outstanding balance of $258,848.65 under the Note and attorneys' fees in the amount of $7,924.82.

### I. Liability

#### A. Choice of Law

The Note contains the following choice of law provision: "This Note will be construed in all respects and enforced according to the laws of Texas." Note, Ex. A to Verified Compl., (Doc. No. 1-1) at 2. In a diversity action, as here, "the forum state's substantive law governs, so the court must apply New Hampshire's choice-of-law principles to determine the applicable law." Ortiz v. Sig Sauer, Inc., 596 F. Supp. 3d 339, 350 (D.N.H. 2022). "According to New Hampshire's choice-of-law rules, the party claiming that another state's law applies must demonstrate 'that the relevant substantive New Hampshire law is

5

in actual conflict with that of the other interested state.'" Id. (quoting Fujifilm N. Am. Corp. v. M&R Printing Equip., Inc., 565 F.Supp.3d 222, 232 (D.N.H. 2021)). If the moving party demonstrates an actual conflict, the court must proceed with the choice-of-law analysis, but "[i]f the moving party does not so demonstrate, the court applies New Hampshire law." Id.

During the September 9, 2024 damages hearing, SRS represented that it was not aware of an actual conflict between Texas and New Hampshire law. Accordingly, the court will apply New Hampshire law.[5]

### B. Breach of Contract (Counts I and II)

"To state a claim for breach of contract under New Hampshire law, a plaintiff must allege (1) that a valid, binding contract existed between the parties, and (2) that the defendant breached the terms of that contract." Doe v. Trustees of Dartmouth College, 615 F. Supp. 3d 47, 60 (D.N.H. 2022). "A breach of contract occurs when there is a failure without legal excuse to perform any promise which forms the whole or part of a contract." Lassonde v. Stanton, 157 N.H. 582, 588, 956 A.2d 332

---

[5] The court notes that as to the calculation of reasonable attorneys' fees, Texas applies the lodestar method, whereas New Hampshire does not. Because the court reaches the same conclusion under either approach, the court need not resolve which law applies.

6

(2008); see also Abraxas Petroleum Corp. v. Hornburg, 20 S.W.3d 741, 758 (Ct. App. Tex. 2000) (noting that under Texas law, "[t]he elements of a breach of contract claim are the existence of a valid contract; performance or tendered performance by the plaintiff; breach of the contract by the defendant; and damages to the plaintiff resulting from that breach.").

"A guaranty is a conditional promise to pay the debt of another in the event of default by the principal debtor." Middleton Bldg. Supply, Inc. v. Gidge, No. 98-C-185, 2000 WL 33915975, at *2 (N.H. June 5, 2000). "It constitutes 'a separate, independent contract between the guarantor and the creditor, and is collateral to the contractual obligation between the creditor and the principal debtor.'" Id. (quoting 38 Am Jur 2d, Guaranty § 2). The rules "governing construction of contracts apply to the construction of a guaranty." Id. (quoting 38 Am Jur 2d, Guaranty § 5); see also Interstate 35/Chisam Road, L.P. v. Moayedi, 377 S.W.3d 791, 796 (Ct. App. Tex. 2012) ("Courts construe guaranty agreements as any other contract."). Where the terms of a guaranty agreement are "clear and explicit," and show "with reasonable clarity, an intent to be liable on an obligation in case of default by the primary obligor, it is enforceable as a guaranty." Gidge, 2000 WL 33915975, at *3 (quotation omitted).

7

Based on the admitted allegations, SRS sufficiently demonstrated that Southers Construction and Southers breached the terms of the Note and the Guaranty.  Specifically, the Note is a valid and binding contract between SRS, Southers Construction, and Southers, individually.  The terms of the Note required Southers Construction and Southers to pay SRS the principal amount of $407,905.14 in weekly installments of $5,000.00 until October 31, 2023, when the balance was due in full.  See Note, Ex. A to Verified Compl., (Doc. No. 1-1) at 1-4.  Where defendants made no further payments under the Note after October 24, 2023, despite SRS's demand for payment of the $258,848.65 outstanding balance, defendants are in breach of the Note.

In addition, under the terms of the Guaranty, Southers agreed to "personally and individually . . . unconditionally guarantee to [SRS] the full and prompt payment of all obligations which [Southers Construction] presently or hereafter may have to [SRS]."  Guaranty, Ex. B to Verified Compl., (Doc. No. 1-1) at 5.  The Guaranty expressly states that SRS is providing "valuable consideration . . . including but not limited to the extension of credit . . . to Southers [C]onstruction."  Id.  Thus, the terms of the Guaranty clearly demonstrate Southers's intent to be personally liable in exchange for credit being extended to Southers Construction, and

8

therefore, the Guaranty constitutes a valid, binding agreement. By failing to make payment under the Note, Southers also breached the terms of the Guaranty. Accordingly, Southers Construction and Southers are liable to SRS for breach of contract.

## II. Damages

In the case of defaulting defendants, "the amount of damages are not necessarily established as a result of the default." Int'l Union of Operating Eng'rs, Local 4 v. Stanley Excavation, 243 F.R.D. 25, 27 (D. Me. 2007) (quotation omitted). Rather, allegations of damages "must be established by proof unless the damages involve a sum certain or are for liquidated damages." Id. (quotation omitted). Where a party seeks to recover both a sum certain and damages that require judicial determination under Rule 55(b)(2), "the entire matter, including the sum certain, must be determined under Rule 55(b)(2)." Id. at 27 n.5 (citing Conetta v. Nat'l Hair Care Ctrs., Inc., 186 F.R.D. 262, 268 (D.R.I.1999) ("A case is either for a 'sum certain' or not. A party must choose one of the two procedures offered by Fed. R. Civ. P. 55(b) . . . ."), aff'd, 236 F.3d 67 (1st Cir.2001)). An award of attorneys' fees is not a sum certain where the reasonableness of attorneys' fees requires judicial review. Id.

Here, SRS seeks to recover: (1) the outstanding balance under the Note, which totals $258,848.65; and (2) attorneys' fees and costs under the Note. Accordingly, the court must analyze SRS's request for damages under Rule 55(b)(2).

A. Contractual Damages

Damages for breach of contract are intended to "put the non-breaching party in the same position it would have been in if the contract had been fully performed." Audette v. Cummings, 165 N.H. 763, 770, 82 A.3d 1269 (2013) (quotation omitted). "A party claiming damages for breach of contract must show, by a preponderance of the evidence, that the damages were caused by the defendant's alleged wrongful act, as well as the extent and amount of such damages." Id.; see also Hornburg, 20 S.W.3d at 760 (noting that the "universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained.").

During the September 9, 2024 damages hearing, SRS's credit manager, Morgan, testified that she created the ledger for the Note as a business record for SRS. Morgan further testified that, as part of her job, she manually updated the ledger using Microsoft Excel and processed payments on the date of receipt. She logged 28 payments by Southers and/or Southers Construction. Defendants made no further payments under the Note after October

10

24, 2023, and at that time, the outstanding balance totaled $258,848.65. Thus, as damages for breach of contract under the terms of the Note and the Guaranty, SRS has demonstrated that it is entitled to judgment in the amount of $258,848.65.

### B. Attorneys' Fees and Costs

The Note provides that Southers and Southers Construction "will pay all reasonable attorneys' fees and other expenses that [SRS] may incur in connection with the collection or enforcement of [the] Note or the preservation or disposition of any Collateral." Note, Ex. A to Verified Compl., (Doc. No. 1-1) at 2.

In a diversity action that raises state law claims, "state law governs the award of fees." GT Solar Inc. v. EMX Controls, Inc., No. 12-CV-253-JD, 2012 WL 6214405, at *1 (D.N.H. Dec. 10, 2012) (citing In re Volkswagen & Audi Warranty Extension Litig., 692 F.3d 4, 15 (1st Cir. 2012)). To determine the reasonableness of attorneys' fees under New Hampshire law, courts consider "the amount involved, the nature, novelty, and difficulty of the litigation, the attorney's standing and the skill employed, the time devoted, the customary fees in the area, the extent to which the attorney prevailed, and the benefit thereby bestowed on his clients." Town of Barrington v. Townsend, 164 N.H. 241, 250, 55 A.3d 952 (2012).

Texas, consistent with federal law, applies the lodestar method to evaluate the reasonableness of an award of attorneys' fees. See El Apple I, Ltd. v. Olivas, 370 S.W.3d 757, 760 (Tex. 2012). Under the lodestar method, courts first "calculate the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are 'excessive, redundant, or otherwise unnecessary.'" Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emp'rs v. Ray Haluch Gravel Co., 745 F.3d 1, 5 (1st Cir. 2014) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). Courts then determine "a reasonable hourly rate or rates — a determination that is often benchmarked to the prevailing rates in the community for lawyers of like qualifications, experience, and competence." Id. (citation omitted). Multiplying the results of these two inquiries yields the lodestar amount. Id. A court may then adjust the potential award based on factors not captured in the lodestar calculation. See Hensley, 461 U.S. at 434; Coutin v. Young & Rubicam P.R., Inc., 124 F.3d 331, 337 (1st Cir. 1997). "The party seeking the [fee] award has the burden of producing materials that support the request." Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011) (citing Hensley, 461 U.S. at 433).

In support of its request for fees, SRS's counsel submitted a copy of its invoices for the matter and an invoice summary,

which provided fees in the total amount of $7,924.42.  See Billing History Report, (Doc. No. 16-1) at 1; Invoices, (Doc. No. 16-1) at 2-17.[6]  The court reviewed these invoices and is satisfied that the time expended by SRS's counsel in preparing the complaint, the petitions to attach, and the motion for default judgment was reasonable.  The time entries appear related to necessary work concerning the enforcement of the Note and the preservation of collateral.  Further, the court identified no excessive or duplicative entries.

In addition, during the September 9, 2024 hearing, Attorney Amann testified to the reasonableness of his rate, a senior associate's rate, and a paralegal's rate in light of each individual's experience.  Attorney Amman further testified that he had an associate and paralegal perform the work when possible to keep costs down and engaged in ethical billing.  In sum, the court finds SRS's proposal for fees and costs to be reasonable under New Hampshire law and under the lodestar method.  Accordingly, the court recommends that the district judge award SRS fees and costs in the amount of $7,924.42.

---

[6] Although SRS's motion for default judgment requests $7,924.82 in fees, the statement balance totals $7,924.42 in fees.

13

**CONCLUSION**

For the foregoing reasons, the court recommends that the district judge: (1) grant SRS's motion for default judgment (Doc. No. 16) as to its claims for breach of contract (Counts I and II); and (2) award SRS damages in the amount of $266,773.07, reflecting the outstanding balance of $258,848.65 and attorneys' fees and costs in the amount of $7,924.42.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

November 20, 2024

cc: Southers Construction Incorporated
    Ricky Southers
    Counsel of Record

14